## THE VERA.

### THE MELROSE.

(Circuit Court of Appeals, First Circuit. July 16, 1915. On Appellants'
Petitions for Rehearing, October 14, 1915.)

#### Nos. 1089–1093.

COLLISION ☞71—STEAM VESSELS MEETING—NARROW CHANNEL RULE—IM-
PROPER ANCHORAGE.

A decree affirmed, which found that a collision between two meeting
steamships in the channel leading to Boston Harbor, and a resulting col-
lision between one of the steamships and an anchored schooner, were due
to the fault of the incoming steamship in being on the wrong side of the
channel, in violation of the rules, although a passing agreement had been
made, and to the fault of the schooner, which was anchored in an improp-
er place, and so near the channel courses as to interfere with the naviga-
tion of the other vessels.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101; Dec. Dig.
☞71.]

Appeal from the District Court of the United States for the District
of Massachusetts; Frederic Dodge, Judge.

Suits in admiralty for collision by W. Irving Pearce, owner of the
schooner Malcolm Baxter, Jr., against the steamship Vera, with the
steamship Melrose impleaded; by the Dampskibs Actieselskabet Inter-
national, owner of the Vera, against W. Irving Pearce and others and
against the Melrose; and by the New England Coal & Coke Company,
owner of the Melrose, against the Vera. Decree (224 Fed. 998) in
favor of the Vera against both other vessels, and in favor of the
Baxter against the Melrose and of the Melrose against the Baxter,
each for half damages, and the owners of the Baxter and the Melrose
appeal. Affirmed.

Edward E. Blodgett, of Boston, Mass. (Blodgett, Jones, Burnham
& Bingham, of Boston, Mass., on the brief), for appellants Pearce and
others.

James K. Symmers, of New York City (Barry, Wainwright, Thacher
& Symmers, of New York City, on the brief), for The Melrose.

Edward S. Dodge, of Boston, Mass. (Benjamin Thompson, of Port-
land, Me., on the brief), for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALD-
RICH, District Judge.

PUTNAM, Circuit Judge. This litigation originated in a collision
between the steamship Vera and the steamship Melrose. The Vera
was going out light from the wharves of Boston, drawing 8 feet and
7 inches forward and 8 feet and 5 inches aft. The Melrose was a
heavy, coal-laden steamer bound in, drawing 24 feet and 11 inches
forward and 25 feet and 8 inches aft. Both were navigating the
dredged channel from the upper harbor at Boston to President Roads.
This channel was said to have been 800 feet wide, and laid out for
a 35-foot depth. The steamers navigated a constant curve, including

a reverse curve, and with a dredge still at work in the channel. This dredge was said to have been located about 400 feet northerly from the line of bell buoy 9–A, which bell buoy was on the southern edge of the channel, or starboard edge going out from Boston, and also about 1,200 feet southerly from the line of red spar buoy No. 8, lying on the northerly side of the channel, or on the port side thereof coming out of Boston. Both vessels, after they entered this narrow channel, were governed by the starboard hand rule.

Meanwhile, on the south side of this channel some schooners were anchored, among which was the schooner Malcolm Baxter, Jr., which had come into the harbor with a cargo of coal, and had anchored below Castle Island, between 4 and 6 o'clock in the afternoon. After swinging to her anchor, the Baxter headed somewhat in an outward southwesterly direction, her stern towards the channel, and she lay near the southerly side of this dredged channel, up and down the harbor. The District Court found that the Baxter's location was too near the channel courses regularly followed by vessels, and that she in some degree obstructed the necessary maneuvers of the steamers already referred to.

The proximate cause of what occurred was a collision between the Vera and the Melrose, and a resulting cause was the fact that this collision swung the Vera around, with a collision between the Vera and the Baxter. The conclusion of the District Court was that the Melrose was at fault for the first collision, that is, the collision between her and the Vera, and that the collision between the Vera and the Baxter was, in the eyes of the law, the result of the collision between the Melrose and the Vera. Consequently a decree was entered in favor of the Vera against the Melrose; and also, on the ground that the Melrose and Baxter were both at fault, the court decreed a division of damages between those two vessels.

The opinion of the District Court was very careful, and analyzed the evidence as to the entire litigation, and the rules of law applicable thereto, with very great care, and, we might say, with minuteness. Its propositions are clearly stated. As we find nothing in the record which outweighs either its statements of facts or its conclusions of law, we do not undertake to disturb them, especially as they lay down no new rules, and make no new application of the old rules. The leading facts are that it is clear that the Vera maintained her position as required by the starboard rules, and it is also quite clear that the Melrose could not have been in the place where the collision occurred if she had done the same. It is not so clear that the Baxter was so far in the channel, if at all in the channel, as to constitute a breach of the maritime law, which would hold her at fault; but the case on this point is in no way so emphatic as to justify the overruling of the conclusions reached by the District Court in reference thereto.

On the other hand, it must be stated that the position of the Vera was complicated by at least some of the circumstances to which we have referred, and by perhaps some other. She came out from her wharf in Boston Harbor on a calm evening with a sufficient light to

observe all the circumstances, and was at liberty to control her navigation. She was drawing but little water, and so had a larger range for maneuvering; and it is not clear that she might not easily have controlled her maneuvers, by stopping her headway and otherwise, so as to extricate herself from whatever difficulties appeared. Nevertheless the case has not been submitted to us on any proposition of this character, and the circumstances are not sufficiently simple to justify us in assuming to reverse the District Court's decision, unaided, for any reasons of that nature.

It must be understood that what we have just said about the capacity of the Vera to control her maneuvers relates only to what preceded her collision with the Melrose. As to what occurred between that and the collision with the Baxter, the case is not so definite, and has caused us to hesitate. If the Vera's officers and crew had been at their posts, this collision might have been prevented by dropping her anchors or reversing her engines. It must be remembered, however, that the tide favored her collision with the Baxter, and that she had been crowded to the south side of the channel by the Melrose so far that the distances were very small, and the time for dropping her anchor, or reversing her engines, was correspondingly small. Her engines were reversed, but not soon enough to prevent her fouling the Baxter.

It is claimed that the collision with the Melrose roused sudden fear for their safety in the Vera's crew, and that some of them went to their boats, and that complete order was not promptly restored among them. There is no doubt that the Vera and her crew were put in stress by the collision with the Melrose, a stress which, according to maritime law, may have given an excuse. The District Court so found; and, upon a careful consideration of its conclusions, we are unable to see that, if the case was now open, we could reach any more satisfactory result ourselves than that court reached.

We should add that the case was not satisfactorily discussed by any of the counsel for the appellants in this respect, nor as to the propositions now maintained by the appellants on the question of taxations of costs for travel and attendance by parties to the record.

Consequently, on the whole, we are required to affirm the conclusions of the District Court.

The judgment of the District Court is affirmed, with interest, and the Vera recovers the costs of appeal.

### On Appellants' Petitions for Rehearing.

Our opinion against which these petitions were filed was passed down on July 16, 1915. This case has received so much attention, and has been so thoroughly considered, that we dislike to have it go off on a misunderstanding. These petitions deal particularly with the proposition that the Vera came down Boston Harbor under such circumstances that the field she was entering upon was so plainly visible to her that she might have availed herself of the visible facts, and thus have avoided a collision. What was said in our opinion on that topic closed as follows:

"It must be understood that what we have just said about the capacity of the Vera to control her maneuvers relates only to what preceded her collision with the Melrose."

Therefore we do not regard what the petitioners have stated as pertinent to our propositions on that topic. It is sufficient to repeat that the collision between the Vera and the Melrose brought in a new set of circumstances not covered by our observations.

Concerning the matter of costs, there was an error in our opinion in using the word "appellees" for "appellants." This has been corrected in the official opinion on file.

The other portions of the petitions, if taken up by us, would require us to review the substance of the case without our first granting any leave for a reargument. We have perhaps brought this condition on ourselves, because, with reference to such petitions, we have too freely acquiesced in a departure from the rules on this topic given in Public Schools v. Walker, 9 Wall. 603, 19 L. Ed. 650, from a reluctance to shut off any parties who deem themselves prejudiced by a supposed mistake of the court. This time, however, we are not disposed to add anything to this irregular practice.

We wish to add what is, perhaps, an exception in reference to the various questions of costs which are now brought to our attention, and which have been raised incidentally heretofore and which need to be thoroughly discussed. We therefore direct that all questions of costs be reargued in print by such of the parties to these proceedings as may desire to reargue the same, such arguments to be filed in print on or before the 4th day of November, 1915; and that the cases will be reheard on such printed arguments, and not otherwise, and no further.

Ordered, that cases Nos. 1089, 1090, 1091, 1092, and 1093 may be reargued within the time and in the manner allowed by our opinion passed down this 14th day of October, 1915, and not otherwise, and no further.